No.——

First Circuit

---

DUPRE v. GRIFFITH, ET AL.

---

(May 8, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Brokers—Par. 5, 15, 23.
   Where the preponderance of evidence shows that the agreement of owner with real estate broker was not subject to any condition the sale of the property by the broker will entitle him to his commission even though the owner claims that he had previously found a purchaser.

Appeal from the Parish of St. Landry. Hon. B. H. Pavy, Judge.

Action by Gus E. Dupre against Cary T. Griffith, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

A. H. Garland and R. L. Garland, of Opelousas, attorneys for plaintiff, appellee.

John W. Lewis, of Opelousas, attorney for defendant, appellant.

ELLIOTT, J. Gus E. Dupre claims of Cary T. Griffith and John W. Harvey $125.00 as the amount of a commission due him for having sold certain real estate belonging to them.

The defendants admit that they agreed to pay plaintiff a commission as claimed in his petition, but that the agreement was subject to the condition that they themselves had the right to sell the property in question independent of any negotiations or solicitations by plaintiff; and in the event that they found a purchaser no commission was to be due the plaintiff.

The plaintiff Dupre had hardly anything to do with the arrangement; Edward Conklin, as his agent and employee, acted for him in the matter. Conklin was himself a licensed real estate dealer, in the employ of the plaintiff, who conducted business under the name of Dupre and Conklin, but the business in fact belonged to Dupre.

Conklin was not a licensed real estate dealer at the time he first entered into the agreement with the defendant, and was not at that time associated with Dupre, but the agreement with him was confirmed by defendant after he became a licensed dealer and had become associated with Dupre.

The sale on account of which the commission is claimed was not consummated

until several months after Conklin had received a license and obtained employment from Dupre. There is no question about the right of Dupre to collect whatever amount is due, if any.

According to the testimony of Conklin there was no condition to the agreement to the effect that defendants had the right to sell the property independent of the efforts of Dupre, and if they succeeded in doing so, that no commission was to be due Dupre. The agreement admitted by both of the parties is affirmed by one of them to be subject to a condition. The other denies that it was subject to any condition, therefore the condition is not proved by a preponderance of evidence on the subject.

The evidence shows that Conklin about a week or ten days before the sale, at the instance of Dupre, erected on the property in a conspicuous place, a large sign which read: "For Sale. Apply to Dupre and Conklin," giving their street address. The sign was erected in the presence of Griffith. He assisted in raising it into position. He admits this, but offers an explanation which is not satisfactory. He contends that he had already, and previous thereto, found a purchaser, but did not communicate the fact to plaintiff nor Conklin, but withheld the information from them.

The defendants also called the lady who had bought the property and her husband, and their testimony has been weighed and considered.

We are satisfied that the amount claimed by the plaintiff is justly due him by the defendants.

We agree with the District Judge in all his conclusions.

Judgment affirmed, defendants and appellants to pay the costs in both courts.